HOUSTON OXYGEN COMPANY, INCORPORATED, ET AL V.
PEARL DAVIS ET AL.

No. 7826.  Decided March 4, 1942.
Rehearing overruled April 29, 1942.
(161 S. W., 2d Series, 474.)

*Vinson, Elkins, Weems & Francis, V. A. Collins, L. B. High-tower, III, C. C. Kirkpatrick* and *C. M. Hightower,* all of Houston, for plaintiffs in error.

In an action to recover damages for injuries to a minor child, the father of said child is a necessary party to said suit, although he be divorced from the mother, who has brought the suit as next friend for the minor, and it was error for the Court of Civil Appeals to overrule their assignment that upon discovery of the fact that the father was not a party to the suit, the case should have been continued for the purpose of making the father a party thereto. Weimhold v. Hyde, 294 S. W. 899; Kelly v. Kelly, 329 Mo. 992, 47 S. W. (2d) 762; Hillsboro Cotton Mills v. King, 51 Tex. Civ. App. 518, 112 S. W. 132.

*Campbell & Foreman,* of Livingston, and *Greenwood, Moody & Robertson,* of Austin, for defendants in error.

The failure to make the father of a minor child a party to a suit for the benefit for the minor, brought by his mother as next friend, which mother and father have been divorced, it was not error to not make the father a party to said suit, as the issues in a suit by the minor and one by the parents, or either of them, being severable and distinct and separate, the rights of the minor, after an errorless trial, should not be denied. Rules of Civil Procedure 434, 503, 505; Fall v. Weber, 47 S. W. (2d) 365; 33 Tex. Jur. 234.

On the question of the admissibility of a statement made by the driver of the car regarding the speed and condition of passengers in car which passed them. Gulf, C. & S. F. Ry. Co. v. Cornell, 97 Texas 634, 69 S. W. 980; Snow v. Starr, 75 Texas 411, 417.

MR. JUDGE TAYLOR delivered the opinion of the Commission of Appeals, Section B.

Pearl Davis, joined by her present husband, Johnie Davis,

filed this suit against Houston Oxygen Company, Inc., and Oliver O. Stanbury, for damages for injuries sustained by Charles Applebhy, Pearl's minor son, who, according to undisputed testimony, was by a former husband. The suit was on behalf of plaintiff for herself and as next friend for Charles. The jury returned a verdict for the mother for $4,000 and for $16,000 for the boy and judgment was rendered accordingly, except that part of the decree which directs one-half of the sum awarded in favor of the boy to be paid the attorneys representing plaintiffs as their attorney's fees and that the remaining one-half be delivered to the district clerk to be held for the minor until same can be paid over to him upon proper order of court. The Court of Civil Appeals affirmed the judgment in all things, except as to the order directing payment of one-half of the minor's recovery to plaintiff's attorneys. 145 S. W. (2d) 300. Defendants' assignment of error complaining of the action of the trial court in that respect was sustained, but the trial court's judgment, according to the transcript of the proceedings in the Court of Civil Appeals, was "in all things affirmed." This discrepancy in the record passes out of the case upon this appeal, however, under our view that it is necessary to reverse and remand the cause for lack of a necessary party.

The writ was granted upon application of defendants on the following assignment of error:

"It appearing from the undisputed evidence * * * that the father of the minor, Charles Applebhy, was alive and that he had been divorced from the mother * * *, the father of the minor, * * *, being under the legal duty of supporting * * * (him) during his minority, had an interest in the recovery and was therefore a necessary party to the suit, and when this was developed * * * the court should have continued the case and required that the father * * * be made a party."

It appears from the testimony that the minor (a colored boy) was fourteen years of age when injured; that the father, Charles Applebhy, and the minor's mother were once married, but divorced; and that the mother has been married to her present husband since the minor was a small boy. The father, now living at Abilene, Texas, was not made a party to the suit. The Court of Civil Appeals held that on the undisputed facts the mother was entitled to her son's services and earnings during minority and that she, for this reason, was entitled to sue

for and appropriate as her separate property the damages she sustained on account of the injuries received by him. It was the view of the court also that the evidence shows the minor was abandoned and emancipated by his father.

Defendants contend that the father, being charged with the legal duty of supporting and maintaining his son during his minority, has the correlative right to his services during minority and for this reason was a necessary party to the suit. We sustain that portion of the assignment which alleges the father should be made a party to the suit and that the trial court erred in not so requiring. Gully v. Gully, 111 Texas 233, 231 S. W. 97, 15 A. L. R. 564; Hartman v. Chumley (Civ. App.), 266 S. W. 444; Belstrom v. Belstrom (wr. dism.), 144 S. W. (2d) 614; Weinhold v. Hyde, 294 S. W. 899; Trinity Lumber Company v. Conner (Civ. App.), 187 S. W. 1022. In the present record there is no pleading that the minor's father and mother are divorced, and, if divorced, what the decree provided with respect to the custody and maintenance of the minor. Nor is there any pleading as to whether the father failed to contribute to his support. In other words there is no pleading of any kind touching the minor's father. The Court of Civil Appeals erred in sustaining the action of the trial court in not requiring that the father be made a party. We are not to be understood in this connection, however, as here determining that the father has an interest in the minor's earnings regardless of what may be shown upon another trial. However, since ordinarily during marriage the only person authorized in this State to sue for damages suffered by the minor during minority (the husband having the management of the community property) is the father, there must be both pleading and proof, when the suit is brought by the mother alone, to bring the case from under the general rule referred to so that binding effect may be given the judgment. McIntire v. Chappell, 2 Texas 378; Hillsboro Cotton Mills v. King, 57 Texas Civ. App., 518, 112 S. W. 132, and authorities there cited.

Defendants contend that in event it is necessary that Charles Applebhy, the minor's father, be made a party, then the judgment should be reversed only as to the recovery awarded the mother, and affirmed as to that awarded the minor. This is not the rule, ordinarily, as to cases in which the different causes of action grow out of the same acts of negligence and separate recoveries depend upon the same evidence, especially as to the parties who once participated in the trial without objection to

joinder. Schuhmacher Co. v. Shooter, 132 Texas 560, 124 S. W. 857. If some new element is injected upon another trial however bearing upon the question we will not be precluded from further considering the matter.

Defendants contend that the courts below erred in holding inadmissible a statement offered by them, made (according to their testimony) by Mrs. Sally Cooper shortly before the accident occurred. Mrs. Cooper testified that on the date of the accident a Plymouth car headed north on State highway No. 35 (in which the minor and several other colored passengers were riding) passed her about four or five miles from the scene of the accident; that she at the time was driving a car in the same direction on the highway and that Jack Sanders and E. C. Cooper, her brother-in-law, were passengers with her. Sanders testified the Plymouth passed them on a curve of the highway, rough and uneven at that point, travelling "sixty or sixty-five miles" an hour, about four miles from the scene of the accident and that as it went out of sight it was "bouncing up and down in the back and zig zagging." When Sanders was asked if anyone in the car made any statement as the Plymouth went by, plaintiffs objected. Defendants' bill of exception discloses that the excluded statement of Mrs. Cooper, made just after the Plymouth passed by, was, as testified to by Sanders for inclusion in the bill "they must have been drunk, that we would find them somewhere on the road wrecked if they kept that rate of speed up." The testimony of Earnest Cooper as to the speed of the passing car, and what was said by Mrs. Cooper, was substantially the same as Sander's, except that he (Cooper) said it was ten or fifteen minutes after the Plymouth passed them before they came to the scene of the collision, and that at the time it passed them he observed, besides the occupants of the car, a suitcase tied on behind. His testimony as well as Mrs. Cooper's as to what she said as the car passed by was substantially the same as that of Sanders.

It should be stated at this point, in view of the fact that the minor was not driving the Plymouth car, that defendants, the Oxygen Company and Stanbury (the driver of its truck), filed a cross action against Sidney Lewis, the driver of the Plymouth, alleging that if negligent they were at most only passively so and that the cross defendant Lewis was guilty of active negligence proximately causing the collision, for the reason among others that he was driving in excess of sixty miles per hour; that he was a joint tort feasor and cross plaintiffs were there-

fore entitled to judgment over against him for any amount recovered against them, or, in the alternative, were entitled to contribution for one-half of such amount.

■ We have concluded, though the question is not free from difficulty, that the statement of Mrs. Cooper was admissible; that the trial court erred in not admitting the proffered testimony of Cooper and Sanders that Mrs. Cooper made it, and in not permitting Mrs. Cooper herself to testify she made the statement; and that the Court of Civil Appeals erred in sustaining the trial court's ruling holding the statement was hearsay. Missouri Pacific Ry. Co. et al v. Collier, 62 Texas 318; Gulf, C. & S. F. Ry. Co. v. Compton, 75 Texas 667, 13 S. W. 667; Beaumont, S. L. & W. Ry. Co. v. Schmidt, 123 Texas 580, 72 S. W. (2d) 899; St. Louis B. & M. Co. v. Watkins, 245 S. W. 794, (wr. dism.); Missouri K. & T. Ry. Co. v. Vance, 41 S. W. 167; McCormick & Ray's Texas Law of Evidence, p. 548, sec. 430. It is sufficiently spontaneous to save it from the suspicion of being manufactured evidence. There was no time for a calculated statement. McCormick & Ray in the section cited says:

"In one class of cases the requirement of spontaneity is somewhat attenuated. If a person observes some situation or happening which is not at all startling or shocking in its nature, nor actually producing excitement in the observer, the observer may yet have occasion to comment on what he sees (or learns from other senses) *at the very time that he is receiving the impression.* Such a comment, as to a situation then before the declarant, does not have the safeguard of impulse, emotion, or excitement, but there are other safeguards. In the first place, the report at the moment of the thing then seen, heard, etc., is safe from any error from defect of *memory* of the declarant. Secondly, there is little or no *time* for calculated misstatement, and thirdly, the statement will usually be made to another (the witness who reports it) who would have equal opportunities to observe and hence to check a misstatement. Consequently, it is believed that such comments, strictly limited, to reports of *present* sense-impressions, have such exceptional reliability as to warrant their inclusion within the hearsay exception for Spontaneous Declarations."

In the Collier case cited in the footnote this Court said:

"Under the state of facts existing at the time, as disclosed by the record, we do not regard the evidence of the witness

Collier as illegal or inadmissible. He was detailing facts within his own knowledge, as to the very high rate of speed at which the train in question seems to have been moving; and as a circumstance growing out of the high rate of speed, and as calculated to make his meaning clearer to the jury, he calls their attention, in this immediate connection, to the exclamation, made at the time, of a fellow-passenger, as to the short period of time consumed in passing from Overton to Jarvis' Switch. We do not regard this testimony, in this connection, as hearsay, or as improper or inadmissible, under the circumstances."

The statement of Mrs. Cooper is not one the evidential value of which is purely cumulative, nor is it such as to relegate the determination of its admissibility to the trial court's discretion. Rather it was one in which the witness was alluding to an occurrence within her own knowledge in language calculated to make her "meaning clearer to the jury" than would a mere expression of opinion as to the speed at which the passing car was moving. The Collier, Compton and Vance cases, supra. We find neither in the statement nor in the circumstances under which it was made (if it was) any basis upon which to invoke the discretion of the trial court as to its admissibility. It is competent evidence the consideration of which, since it is relevant and not merely cumulative, is determinable as a matter of law under an established rule of evidence. Authorities cited supra. The inference to be drawn as to whether the statement was made, and the inferences flowing from it (if made) are solely for the jury, and the trial court erred in excluding the testimony from its consideration.

Defendants contend the making of the statement was too remote in point of time. Had it been made under the stress of emotion, or if the party seeking the benefit of its admission were the one who made it, a different question would be presented. See illustrations referred to in cases noted under the text in McCormick & Ray, sec. 431, pp. 550-1. It is stated in Vol. 17, Tex. Jur. pp. 623-4, sec. 262, in discussing the element of time as affecting the admissibility of res gestae statements, that "if they sprang out of the principal transaction (wreck, in the present case), tend to explain it and were voluntary and spontaneous, and made at a time so near it as to preclude the idea of deliberate design, they may be regarded as contemporaneous in point of time and are admissible"; and, further that "the declarations * * * may either precede the * * *transaction

in question, or follow it," citing Gulf, C. & S. F. Ry. Co. v. Compton, 75 Texas 667, 13 S. W. 667, and other cases in which the point of time preceded the accident. Certainly the statement in the present case (made, if it was, about four miles before the witness reached the scene of the collision) was not so remote in point of time as to be without relevance to its cause. The Court of Civil Appeals erred in affirming the action of the trial court in excluding the testimony. Authorities cited above and McGowen v. McGowen, 52 Texas 657.

The question of unavoidable accident needs to be referred to only briefly. If it is presented by the record upon another trial a definition recently stated by this Court is to be found in Dallas Ry. & Terminal Co. v. Price, 131 Texas 319, 114 S. W. (2d) 859.

The other questions raised will doubtless not recur upon another trial.

The judgment of the Court of Civil Appeals affirming that of the trial court is reversed and the case is remanded for another trial.

Opinion adopted by the Supreme Court March 4, 1942.

Rehearing overruled April 29, 1942.