**SAFEWAY STORES, INC., Appellant,**

v.

**James C. COMBS et ux. Louella Combs, Appellees.**

**No. 17809.**

United States Court of Appeals
Fifth Circuit.

Jan. 8, 1960.

Jack C. Duncan, Wyndham K. White, Kemp, Smith, Brown, Goggin & White, El Paso, Tex., for appellant.

Ronald R. Calhoun, James E. Irion, Irion & Calhoun, El Paso, Tex., for James C. Combs and wife Louella Combs.

Before HUTCHESON, JONES and WISDOM, Circuit Judges.

WISDOM, Circuit Judge.

This is a slip-and-fall case.

Mrs. Louella Combs was shopping in a Safeway Store in El Paso, Texas, when she stepped into a puddle of ketchup that had spilled on the floor from a broken bottle. Mr. and Mrs. Combs sued Safeway Stores, Inc., alleging that the defendant was negligent in creating a hazardous condition; in failing to remove the ketchup or in failing to isolate the hazardous condition by placing a barrier around the ketchup; in failing to warn Mrs. Combs of the presence of the ketchup; and in allowing the ketchup to remain on the floor in the immediate vicinity of an eye-catching advertising display that would divert one's attention from the ketchup puddle. Safeway Stores relies upon Mrs. Combs' alleged failure to keep a proper lookout, failure to heed an alleged warning, and on the contention that the hazard, such as it was, was open and obvious.

The case was tried to a jury. The jury rendered a verdict for the plaintiff for $24,500. Judgment was entered upon the

verdict. Safeway Stores appealed, citing thirteen specifications of error. We consider two of these specifications of error as meritorious and sufficiently grave to require that the case be reversed and remanded for a new trial.

## I.

Safeway contended that Mrs. Combs failed to heed timely warnings. In support of this contention, Kenneth Tunnell, the Safeway Manager, testified that he saw Mrs. Combs walking toward the ketchup and that he called out to her, "Please don't step in that ketchup." At that time he was about ten feet from her. Mrs. Tunnell, the manager's wife, was in the store at the time of the accident. She testified that she saw the broken bottle, left her shopping buggy, and told her husband that there was a broken bottle of ketchup in the frozen-food aisle. He stopped what he was doing, hurried toward the ketchup bottle, picked up the glass, then started toward the back to get a mop. As he came out with a mop she heard him call out. She understood what he said. When she was asked what he had. said, plaintiff's counsel objected that the question called for hearsay. The trial judge sustained the objection and refused to permit the question to be answered. Had she been permitted to answer—it was stipulated—she would have testified that Tunnell said, "Lady, please don't step in that ketchup".

The hearsay rule is inapplicable to an utterance proved as an operative fact. Tunnell's utterance was a probative verbal act bearing on the critical objective fact whether there was a warning from the defendant, bearing on the plaintiff's state of mind as to notice and knowledge at the danger. The witness testified from her personal knowledge. 17 Tex.Jur. § 210; McCormick edge. 17 Tex.Jur. § 210; McCormick, Evidence § 228; Thompson v. Brown, Tex.Civ.App.1949, 222 S.W.2d 442; Houston Oxygen v. Davis, 1942, 139 Tex. 1, 161 S.W.2d 474, 477, 140 A.L.R. 868; Moen v. Chestnut, 1941, 9 Wash.2d 93, 113 P.2d 1030.

Tunnell's warning—if he gave a warning—was a prime element in the defense. The jury was entitled to know if he gave it, and to weigh it with the other evidence. Failure to permit Mrs. Tunnell to testify as to the fact of the warning deprived the defendant of the opportunity of showing whether the plaintiff exercised due care. The trial judge's ruling on this point is sufficient in itself to require the Court to reverse and remand.

## II.

In the interest of avoiding the possibility of a second reversal and remand, we point out that the trial court erred in sustaining the objection of plaintiff's counsel to the cross-examination of Dr. W. P. Stratemeyer concerning his experience as to the ability of persons in general to do work after an operation for herniated intervertebral disc similar to the operation performed on the plaintiff.

Dr. Stratemeyer was the plaintiff's witness. He was an expert. The question was asked on cross-examination. Such a witness is given elbow-room in testifying on direct examination as to his inferences and he should be given equal elbow-room in cross-examination as to the basis for his inferences. Peters v. Mutual Life Ins. Co. of N. Y., 3 Cir., 1939, 107 F.2d 9; Carter Products Co. v. Federal Trade Commission, 9 Cir., 1953, 201 F.2d 446; Standard Oil Co. of California v. Moore, 9 Cir., 1957, 251 F.2d 188. Dr. Stratemeyer testified that the plaintiff made a good recovery, that when he last saw her she had been ironing (a task she said that she could not perform), and that in his opinion she could do her normal housework and return to her job. Since Dr. Stratemeyer testified to all that, the defendant was entitled, on cross-examination, to establish the basis for the opinion that the plaintiff could return to work. It was proper therefore for defendant's counsel to question Dr. Stratemeyer on the relationship between the medical history of the patient-plaintiff and the medical history of others on which experience the

doctor's expert knowledge was necessarily based.

In view of these errors below, we reverse the judgment and remand the case for a new trial.