Richmond

JAMES RAY CLARK, JR.

v.

COMMONWEALTH OF VIRGINIA

No. 1485-89-2

Decided August 25, 1992

COUNSEL

David C. Dickey, for appellant.

Oliver L. Norrell, III, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

**BENTON, J.**—James Ray Clark, Jr., was convicted by a jury of first degree murder, armed robbery, and use of a firearm in the commission of murder. He seeks a new trial and contends that the trial judge erred (1) in allowing the decedent's husband to testify concerning statements the decedent made the morning of the murder, (2) in allowing improper impeachment evidence, and (3) in ruling on matters arising during closing argument. We affirm the conviction.

I.

Edna Ann Sides-Cook was found dead in her home. Someone shot her in the front hallway of her house and dragged her body into a bathroom. Police found property from her house in Clark's residence and other circumstantial evidence to connect Clark to the crime. Following an extensive investigation, Clark was arrested and convicted by a jury of the murder and related charges.

II.

At trial, the decedent's husband testified that he called his wife from California during the morning of the day she was killed. Over Clark's hearsay objection, he testified that during the conversation with his wife she said, "by the way, there is a gentleman here that's conducting a market survey for consumer interest in having cable television service in this area." The Commonwealth countered Clark's hearsay objection, stating that "it's not being offered for the truth of the statement, but to show that she was

alive and someone was there." Without any limiting instruction, the trial judge admitted the statements, saying, "I don't see anything wrong with the evidence coming in." Clark challenges the propriety of that ruling.

 Hearsay is a statement, other than one made by the declarant while testifying at trial, which is offered to prove the truth of the matter asserted. *Arnold v. Commonwealth*, 4 Va. App. 275, 279-80, 356 S.E.2d 847, 850 (1987). Although hearsay evidence is generally inadmissible, many exceptions to the general rule exist. It is generally accepted that a statement accompanying and characterizing an act is admissible as a recognized exception to the hearsay rule. *See* C. Friend, *Law of Evidence in Virginia* § 240 (3d ed. 1988). Virginia recognizes this type of statement as the "present sense impression" exception to the hearsay rule. *Foley v. Commonwealth*, 8 Va. App. 149, 161, 379 S.E.2d 915, 922, *aff'd en banc*, 9 Va. App. 175, 384 S.E.2d 813 (1989).

The exception has long been stated as follows:

> When any act done by any person is a fact in issue, or is relevant to the issue, the following . . . are relevant — . . . *all statements made by or to that person accompanying and explaining such act.*

*Scott & Boyd v. Shelor*, 69 Va. (28 Gratt.) 891, 896 (1877) (emphasis added). "Notwithstanding [*Shelor's*] apparent limitation of admissibility to statements made 'by or to' the person performing the act, other statements describing or explaining the act, even if not made by or to the person performing it, appear to be admissible under the modern view of the exception." C. Friend, *supra*, § 240 n.2. "[I]t is apparently sufficient if the declaration is being uttered by someone who is *witnessing* the event." C. Friend, *supra*, § 240, at 185 (Supp. 1991).

> Three factors must exist in order for the exception to apply. They are: (1) the declaration must have been contemporaneous with the act; (2) it must explain the act; and (3) it must be spontaneous.

*Foley*, 8 Va. App. at 161, 379 S.E.2d at 922. The testimony that the decedent's husband gave concerning the victim's statement that a man was present conducting a market survey fit all three

factors and, therefore, was admissible.

Analogous cases in other jurisdictions have reached similar results. In *Brown v. Tard*, 552 F. Supp. 1341 (D. N.J. 1982), the decedent's statement over the telephone to her friend "that a man was there to fix the air conditioner" was admissible as a present sense impression. *Id.* at 1351. The statement met the requirements of the Federal Rules of Evidence "that the declarant personally perceive the event, that the statement explain or describe the event, and that there be contemporaneity of the statement and the event described." *Id.*

In *Booth v. State*, 306 Md. 313, 508 A.2d 976 (1986), the trial judge admitted the following testimony:

Regina Harrison telephoned Ross between 5:30 and 6:00 p.m. on the day of his murder. Harrison testified that Ross said he was getting ready to prepare dinner and was going to ask his company, a girl named Brenda, to leave. Harrison said she then heard the door at Ross' home open and questioned Ross as to who was there. Ross told Harrison that Brenda was talking to "some guy" behind the door. According to Harrison, the general tone of the conversation was normal and Ross did not sound nervous or anxious.

*Id.* at 316, 508 A.2d at 977. The court concluded that the testimony, describing events that the declarant was then witnessing, was a statement of present sense impression and was admissible as an exception to the hearsay rule. *Id.* at 331, 508 A.2d at 985.

Although we conclude that the trial judge did not err in admitting the decedent's statement that the man was in her residence while she spoke, we agree with Clark that the decedent's husband's testimony concerning the notes that his wife made on or before the date of her death were inadmissible. Those notes do not meet the requirements, as previously stated, of the present sense impression exception to the hearsay rule. The error in admitting that evidence, however, was harmless. The portion of the notes concerning the cable interview was proved by evidence which we have held to be admissible. Thus, the error in admitting testimony concerning that portion of the notes was harmless. *See Hopkins v. Commonwealth*, 230 Va. 280, 287, 337 S.E.2d 264, 268-69 (1985), *cert. denied*, 475 U.S. 1098 (1986); *American Realty*

*Trust v. Chase Manhattan Bank*, 222 Va. 392, 401, 281 S.E.2d 825, 830 (1981). The other information contained in the notes was not material to the issues before the jury and was, likewise, harmless.

## III.

Clark's wife testified in Clark's defense and provided alibi evidence. On cross-examination, she admitted that seven years prior to trial she lied under oath when she completed the application for a marriage license to wed Clark. She testified that Clark also lied when he completed that same application. In attempting to prove a motive for lying, the prosecutor showed her a decree of divorce purporting to establish that Clark did not divorce his first wife until three years after Clark and his current wife signed the application for a marriage license. Over Clark's objection, the trial judge admitted into evidence the divorce decree.

The Commonwealth argues that even if it was error to admit the document to impeach Clark's wife, its admission was harmless error. We agree. Although the admission of Clark's divorce decree from his first wife during the examination of his current wife was error, that error was harmless in view of Clark's later testimony that he was not divorced when he signed the marriage application and that he also lied under oath when he completed the marriage application. *See id.*

## IV.

In his closing statement, Clark's counsel emphasized to the jury the lack of physical evidence tying Clark to the scene of the crime. The following then occurred:

[CLARK'S COUNSEL: * * * *] The most damning evidence would be one footprint, one heel print, one palm print, one piece of fiber, one ridge of shoe, one hair from his head. They took all of his hair, they testified, hair from his head, hair from his moustache. Something from Mr. Clark at that residence, that would be the most damning thing, and they don't have it, because if they did have it, they'd been in here with bells on, and bringing it in under big hot air balloon, and there would be a neon light on —

THE COURT: That's improper argument.

MR. DICKEY: — and they would have — they would have that—

THE COURT: Just a minute. You will disregard that, ladies and gentlemen.

MR. DICKEY: They would present that to you, because that would be strong circumstantial evidence, anything putting him at that house and the court has instructed you that that's exactly what they have to prove. If they don't put him at the house, beyond a reasonable doubt, by this circumstantial evidence, on the 7th of February 1989, the court has instructed you you cannot convict this man.

We agree with Clark that the trial judge unnecessarily and without objection by the Commonwealth interjected himself in counsel's argument to the jury. The trial judge also erred in failing to specify which of counsel's comments he was directing the jury to disregard. It is equally clear, however, that after the interruption counsel continued to argue to the jury the point that he was stressing before the interruption — that the Commonwealth had no evidence that proved Clark was at the scene of the murder. Furthermore, Clark's counsel stated no objection to the trial judge's comment and made no motion for a mistrial. In the absence of objection or motion for mistrial, we will not consider this claim of error for the first time on appeal. *See Brown v. Commonwealth*, 208 Va. 512, 518-19, 158 S.E.2d 663, 668 (1968); *Kelly v. Commonwealth*, 8 Va. App. 359, 367, 382 S.E.2d 270, 274 (1989).

Upon our review of the closing arguments of both counsel, we conclude that Clark's objection to the prosecutor's rebuttal argument lacks merit. The prosecutor suggested in his closing argument that Clark lived in a fantasy world and, in support of his theory, pointed to testimony that Clark owned video war games, subscribed to Soldier of Fortune magazine, and read about mercenary activities of soldiers. Clark's counsel countered by arguing that Clark's ownership of video games did not prove that his client committed criminal acts. In rebuttal, the prosecutor stated: "Remember, this is a man who for fourteen years has read Soldier of Fortune and he thinks he is a soldier of fortune." The reference in rebuttal to soldier of fortune was not so clearly beyond the scope

of the previous arguments that we can say the trial judge abused his discretion in overruling the objection. *See Hubbard v. Commonwealth*, 190 Va. 917, 931, 59 S.E.2d 102, 109 (1950); *Fain v. Commonwealth*, 7 Va. App. 626, 629, 376 S.E.2d 539, 540-41 (1989). Additionally, the prosecutor's rebuttal argument concerning the quantum of punishment was a direct response to the argument by Clark's counsel that Clark was not guilty.

For these reasons, the judgment is affirmed.

*Affirmed.*

Baker, J., and Cole*, J., concurred.

---

\* Judge Cole participated in the hearing and decision of this case prior to the effective date of his retirement on April 30, 1991 and thereafter by designation pursuant to Code § 17-116.01.