EDWIN U. GARCIA, a/k/a

LEONEL GIRON

v.

COMMONWEALTH OF VIRGINIA

No. 0730-93-4

Decided February 7, 1995

COUNSEL

David Bernhard (Bernhard & Gardner, on brief), for appellant.

Leah A. Darron, Assistant Attorney General (James S. Gilmore, III, Attorney General, on brief), for appellee.

OPINION

**BARROW, J.**—This appeal is from convictions of first degree murder, use of a firearm in commission of murder, and possession of a firearm by a convicted felon. At trial, in response to a question during cross-examination by defense counsel, a witness testified, over the defendant's objection, that the victim had told the witness of tension between the defendant and himself. We hold that the testimony, objected to by the defendant, was inadmissible even though the witness was responding to the defendant's question. For this reason, we reverse the conviction.

At trial, the main issue was whether the defendant was the person who shot and killed the victim. The defendant, a half-brother of the victim, and two companions, Roberto and Fernando, drove to the victim's apartment building in the late afternoon the day of the shooting. The defendant and Roberto got out of the car, while Fernando remained in the automobile. An argument followed, involving the defendant, Roberto, and the victim. Someone shot and killed the victim. The testimony of the witnesses at trial conflicted over who shot the victim.

The issue on appeal arises from the testimony of the victim's cousin. He testified that the defendant had on one occasion tried to run over the victim with his car; however, on cross-examination, he admitted that the defendant had followed the victim at walking speed and did not try to run over him. This witness also testified that the defendant had on another occasion shot at the victim's unoccupied car. During cross-examination, the witness admitted that he had never reported the shooting to the police, and defense counsel asked:

Q. You didn't call the police; is that correct?

\* \* \* \* \* \* \*

THE WITNESS: I didn't call the police — I tried to call the police but I didn't know the address and the car wasn't mine and it wasn't my problem.

\* \* \* \* \* \* \*

Q. Okay. But it was your testimony, was it not, that you called [the victim] immediately; is that correct?

A. I called [the victim] at that time and asked him what he wanted to do.

Q. But you yourself, you never reported this to the police or obtained a number for the police or filed a complaint; is that correct?

A. No.

Q. Now when the defendant was charged, that's when you came forward with this story; is that correct?

A. I didn't call the police — it wasn't that I didn't have the number, but I consulted with [the victim] —

[DEFENSE COUNSEL]: Objection, hearsay —

[COMMONWEALTH'S ATTORNEY]: Your Honor, he cannot object to his own question —

THE COURT: You can't object to your own question. What's the answer?

[DEFENSE COUNSEL]: He was about to say what [the victim] said to him.

THE WITNESS: I talked to [the victim] and he said there was a problem among the brothers and everything and I think he was afraid that he was going to kill him if he did anything about it.

The witness's response to the question was, in part, hearsay, i.e., "he [the victim] said there was a problem among the brothers." The remainder of the response was opinion or speculation apparently based on the hearsay, i.e., "I think he [the victim] was

afraid that he [the defendant] was going to kill him if he did anything about it." Generally, such testimony is inadmissible. *See Clark v. Commonwealth*, 14 Va. App. 1068, 1070, 421 S.E.2d 28, 30 (1992) ("[h]earsay evidence generally inadmissible"); *Lafon v. Commonwealth*, 17 Va. App. 411, 420, 438 S.E.2d 279, 285 (1993) (opinion testimony of lay witnesses generally inadmissible).

The Commonwealth asserts that the defendant cannot complain about the introduction of this testimony because his own question elicited it. In support of this position the Commonwealth refers us to *Robinson v. Commonwealth*, 207 Va. 66, 68, 147 S.E.2d 730, 732 (1966), and *Burns v. Board of Supervisors of Stafford County*, 227 Va. 354, 363, 315 S.E.2d 856, 862 (1984). Neither of these cases supports the Commonwealth's position.

*Burns* deals with a party's failure to object to the introduction of evidence. In this case, the defendant objected before the witness responded.

*Robinson*, while seemingly closer in point, does not address the facts of this case. One sentence in the opinion in *Robinson* says that "the testimony was elicited . . . during cross-examination by the defendant and he, therefore, can have no ground for complaint." In the case before us, the defendant did not "elicit" the witness's response. On the contrary, defense counsel's question was a precise, leading question which only asked the witness to confirm that he first reported the incident to the police when the defendant was charged with the victim's murder. The witness's answer was unresponsive and was not "elicited" by the question.

The Commonwealth agrees that the witness's answer was unresponsive and contends that, therefore, the defendant's objection to hearsay was inappropriate, causing the issue to be procedurally barred on appeal. While a party may object to a non-responsive answer, such an answer is not excludable unless it is also inadmissible. 3 *Wigmore on Evidence* § 785(3) (Chadbourn rev. ed. 1970). Thus, the defendant objected correctly to the witness's apparent response on the ground that it was hearsay, and we are not barred from considering the issue on appeal.

Next, the Commonwealth contends that the witness's response was not hearsay because it was offered, not to prove the

truth of what had been said, but to explain why the witness had delayed reporting the alleged incident to the police. Presumably, the witness did not report the incident because he did not want to exacerbate what he perceived as a conflict between the defendant and his half-brother. While the witness may have been entitled to explain his motivation for not reporting the incident, no necessity existed for him to use the victim's statement as a basis for this motivation. Only the witness's state of mind, not the victim's, was relevant. *See Hanson v. Commonwealth*, 14 Va. App. 173, 188, 416 S.E.2d 14, 23 (1992). Furthermore, "[w]hen evidence that might otherwise be hearsay is admitted for a limited, non-hearsay purpose, the trial court must instruct the jury that they are to consider the evidence for the specific limited purpose." *Id.* at 187, 416 S.E.2d at 22. No such instruction was given in this case.

Finally, the Commonwealth contends that admission of the statement, if error, was harmless. We disagree. The issue at trial was whether the defendant shot the victim. The evidence on this issue was conflicting. To convict the defendant, the jury had to believe the witnesses who described the defendant as the person who shot the victim and disbelieve those who described someone fitting Roberto's description as the person who shot the victim. The victim's statement to the witness that trouble existed between the brothers and the witness's speculation that the victim feared that the defendant would kill him supported the view that the defendant killed the victim. We cannot say from this record and the evidence presented at trial that this evidence did not affect the jury's verdict. Therefore, we cannot conclude that the error was harmless. *See Lavinder v. Commonwealth*, 12 Va. App. 1003, 1005, 407 S.E.2d 910, 911 (1991) (en banc).

For these reasons, we hold that the trial court erred in admitting the witness's hearsay response, and we reverse the defendant's convictions. We also remand the matter for further proceedings should the Commonwealth elect to retry the defendant.

*Reversed and remanded.*

Willis, J., concurred.

Coleman, J., concurring in part and dissenting in part.

I concur with the majority's holding that the defendant may object to inadmissible evidence, even though it is testimony given

in response to a question asked by his own counsel of a witness on cross-examination. I respectfully disagree, however, with the majority's holding that the witness's statement was hearsay. Therefore, I dissent from the majority's holding that the evidence was inadmissible and that the conviction should be reversed.

On cross-examination, defense counsel questioned the witness concerning the fact that he had not called the police to report a prior incident between the victim and defendant. The exchange between defense counsel and the witness was as follows:

Q. But you yourself, you never reported this to the police or obtained a number for the police or filed a complaint; is that correct?

A. No.

Q. Now when the defendant was charged, that's when you came forward with this story; is that correct?

A. I didn't call the police — it wasn't that I didn't have the number, but I consulted with [the victim] —

Over defense counsel's objection, the witness was allowed to answer the question.

THE WITNESS: I talked to [the victim] and he said there was a problem among the brothers and everything and I think he was afraid that he was going to kill him if he did anything about it.

Hearsay is an out-of-court statement offered to prove the truth of the matter asserted. *Tickel v. Commonwealth*, 11 Va. App. 558, 564, 400 S.E.2d 534, 538 (1991). A statement offered for any other purpose is not hearsay and is, therefore, governed by the other rules of admissibility. *See Eckhart v. Commonwealth*, 222 Va. 213, 216, 279 S.E.2d 155, 157 (1981).

The clear import of defense counsel's cross-examination suggested that because the witness had not reported the prior incident to the police, the witness may have fabricated its occurrence. The witness's response was not offered to prove the truth of what the victim had said, but only to explain why the witness had not

called the police.

> The hearsay rule does not operate to exclude evidence of a statement, request, or message offered for the mere purpose of explaining or throwing light on the conduct of the person to whom it was made. The evidence was admitted not for the purpose of showing the [truth or falsity of the statement] but for the purpose of showing the reason for the [witness's] action.

*Fuller v. Commonwealth*, 201 Va. 724, 729, 113 S.E.2d 667, 670 (1960).

The purpose of the statement was to "throw[] light on the conduct of the [witness]." *Id.* Because the evidence was not hearsay, in my opinion, and because it was relevant to explain the witness's conduct, the trial judge did not err and the ruling is not a basis for reversing the murder and firearms convictions.