COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Moon, Judges Baker, Benton, Coleman,
          Willis, Elder, Bray, Fitzpatrick, Annunziata
          and Overton
Argued at Richmond, Virginia


EDWIN U. GARCIA, a/k/a
 LEONEL GIRON
                                      OPINION BY
v.        Record No. 0730-93-4     JUDGE SAM W. COLEMAN III
                                      DECEMBER 19, 1995
COMMONWEALTH OF VIRGINIA

              UPON REHEARING EN BANC


        FROM THE CIRCUIT COURT OF ARLINGTON COUNTY
              Benjamin N.A. Kendrick, Judge

        David Bernhard (Bernhard & Gardner, on brief),
        for appellant.

        Leah A. Darron, Assistant Attorney General
        (James S. Gilmore, III, Attorney General,
        on brief), for appellee.



     Edwin Garcia was convicted in a jury trial of first degree
murder, use of a firearm in commission of murder, and possession
of a firearm by a convicted felon.  Garcia contends that the
trial court erred by allowing a witness to testify on cross-
examination by defense counsel about a hearsay statement the
victim made to the witness.  A panel of this Court held that the
testimony was inadmissible hearsay and reversed the defendant's
convictions.  Garcia v. Commonwealth, 19 Va. App. 574, 454 S.E.2d
9 (1995).  We granted a rehearing en banc.  Upon rehearing, we
hold that the testimony was not hearsay and was admissible.
Therefore, we affirm the defendant's convictions.

     The victim was the defendant's half brother.  On the day of

the shooting, the defendant and two companions, Roberto Williams and Fernando Reid, drove to the victim's apartment. The defendant and Williams exited the car, while Reid remained in the automobile. Soon thereafter, Reid observed what appeared to be an argument in front of the apartment building involving the defendant, Williams, and a third man. A few minutes later, Reid heard a number of shots. The victim was found shot to death behind the wheel of an automobile in front of the apartment building. At trial, witnesses gave conflicting testimony about who shot the victim.

The issue on appeal arises from the testimony of the victim's cousin. At trial, he testified that on an earlier occasion, the defendant had attempted to run over the victim with a car. He testified that on another occasion, the defendant had shot into the victim's unoccupied car. On cross-examination, however, the witness admitted that, as to the first incident, the defendant had followed the victim at a slow speed in his car and had not tried to run over him. He also admitted that, as to the second incident, he had never reported the shooting incident to the police:

    Q.   But, you didn't call the police; is that correct?

              *    *    *    *    *    *    *

    A.   I didn't call the police -- I tried to call the
         police but I didn't know the address and the car
         wasn't mine and it wasn't my problem.

              *    *    *    *    *    *    *

    Q.   Okay. But it was your testimony, was it not, that

you called [the victim] immediately; is that correct?

A. I called [the victim] at that time and asked him what he wanted to do.

Q. But you yourself, you never reported this to the police or obtained a number for the police or filed a complaint; is that correct?

A. No.

Q. Now, when the defendant was charged, that's when you came forward with this story; is that correct?

A. Correct.

Q. By that time, when some months had elapsed and you had found out the number for the police; is that correct?

A. I didn't call the police -- it wasn't that I didn't have the number, but I consulted with [the victim] --

DEFENSE COUNSEL: Objection, hearsay --

COMMONWEALTH'S ATTORNEY: Your Honor, he cannot object to his own question --

THE COURT: You can't object to your own question. What's the answer?

DEFENSE COUNSEL: He was about to say what [the victim] said to him.

A. I talked to [the victim] and he said there was a problem among the brothers and everything and I think he was afraid that he was going to kill him if he did anything about it.

The defendant contends that the trial court should have excluded as inadmissible hearsay the testimony that the victim had said "there was a problem among the brothers" and "he [victim] was afraid that he [defendant] was going to kill him."

I.

Preliminarily, the Commonwealth contends that a party can object to testimony given in response to that party's own questions only when the testimony is nonresponsive. Therefore, the Commonwealth argues that because the defendant objected to the witness's testimony on hearsay grounds, he is procedurally barred from raising this objection on appeal. See Rule 5A:18.

When a party's question calls for inadmissible testimony, that party can object to the answer only if it is nonresponsive. See Jackson v. Commonwealth, 19 Va. App. 557, 560-61, 453 S.E.2d 567, 569 (1995); 3 John Henry Wigmore on Evidence § 785 (Chadbourn rev. 1970); see also Whitten v. McClelland, 137 Va. 726, 741, 120 S.E. 146, 150 (1923). However, when the question from a party does not necessarily call for inadmissible evidence or call for a hearsay response from a witness, a party is not precluded from objecting to unanticipated inadmissible evidence. A party is precluded from objecting to an otherwise inadmissible answer that it has elicited only when the question itself calls for inadmissible evidence.[1] See Robinson v. Commonwealth, 207 Va. 66, 68, 147 S.E.2d 730, 732 (1966) (holding that the defendant had no grounds for objecting because he elicited from

---

[1] The Commonwealth cites Jackson v. Commonwealth, in support of its contention that the defendant is procedurally barred from objecting to the witness's testimony on hearsay grounds. Although the Court in Jackson intimated that the party asking the question can only object to the answer when it is nonresponsive, the Court ruled upon the hearsay issue. Jackson, 19 Va. App. at 561, 453 S.E.2d at 569.

the witness during cross-examination "<u>testimony as to what [the witness] was told</u> by three persons") (emphasis added).

In the present case, defense counsel did not attempt to elicit from the witness "testimony as to what [he] was told" after he reported to the victim that the defendant had shot into the victim's car.  <u>Id.</u>  Defense counsel asked the witness only about his failure to report the shooting to the police until after the defendant was charged with the murder.  This question did not call for a response that necessarily or likely involved inadmissible hearsay.  Accordingly, the defendant was not barred from objecting to the answer on hearsay grounds.

## II.

Hearsay is an out-of-court statement offered to prove the truth of the matter asserted.  <u>Tickel v. Commonwealth</u>, 11 Va. App. 558, 564, 400 S.E.2d 534, 538 (1991).  A statement offered for any other purpose is not hearsay and is, therefore, governed by the other rules of admissibility.  See <u>Eckhart v. Commonwealth</u>, 222 Va. 213, 216, 279 S.E.2d 155, 157 (1981).

The clear purpose of defense counsel's cross-examination was to suggest to the jury that because the witness had not reported the prior incident to the police, the witness had fabricated the story.  Thus, the witness's explanation that he had not reported the incident because there was a problem between the brothers and because he thought "that he [the victim] was afraid that he [the defendant] was going to kill him" was not offered to prove the

truth or falsity of the content of what the victim had said, but rather, it was the witness's explanation as to why he had not called the police.

> The hearsay rule does not operate to exclude evidence of a statement, request, or message offered for the mere purpose of explaining or throwing light on the conduct of the person to whom it was made. The evidence was admitted not for the purpose of showing the [truth or falsity of the statement] but for the purpose of showing the reason for the [witness's] action.

Fuller v. Commonwealth, 201 Va. 724, 729, 113 S.E.2d 667, 670 (1960).

The defendant contends that "the witness gave a prior complete explanation as to why he did not call the police, by stating, `I didn't call the police--I tried to call the police but I didn't know the address and the car wasn't mine and it wasn't my problem.'" After the witness gave this answer, however, defense counsel continued to question him about his failure to immediately report the shooting to the police.

Q. Now, when the defendant was charged, that's when you came forward with this story; is that correct?

A. Correct.

Q. By that time, when some months had elapsed and you had found out the number for the police; is that correct?

A. I didn't call the police -- it wasn't that I didn't have the number, but I consulted with [the victim] --

 *    *    *    *    *    *    *

A. I talked to [the victim] and he said there was a problem among the brothers and everything and I

-6-

> think he was afraid that he was going to kill him
> if he did anything about it.

(Emphasis added.) The testimony was in response to defense counsel's question suggesting that the witness did not report the shooting until he discovered the number for the police. Thus, the witness's testimony regarding the victim's statement was not offered to prove that "there was a problem among the brothers." Rather, it was introduced to "throw[] light on the conduct of the [witness]" by explaining that the witness decided not to report the shooting to the police after consulting with the victim. See Fuller, 201 Va. at 729, 113 S.E.2d at 670; see also 6 Wigmore on Evidence § 1789, (Chadbourn rev. 1970).

The defendant could have requested an instruction cautioning the jury to consider the testimony only for the specific limited non-hearsay purpose of explaining the witness's failure to report the shooting to the police. Hanson v. Commonwealth, 14 Va. App. 173, 188, 416 S.E.2d 14, 23 (1992). However, the defendant did not request a cautionary instruction, and "[t]he [trial] court was not required to give such an instruction sua sponte." Manetta v. Commonwealth, 231 Va. 123, 127 n.2, 340 S.E.2d 828, 830 n.2 (1986); see Jackson, 19 Va. App. at 561, 453 S.E.2d at 569.

Because the evidence was not hearsay and was relevant to explain the witness's conduct, the trial court did not err by admitting it. Accordingly, we affirm the defendant's convictions.

<u>Affirmed.</u>

Willis, J., with whom Benton and Elder, J.J., join, dissenting.

For the reasons set forth in the majority panel opinion, 19 Va. App. 574, 454 S.E.2d 9 (1995), I respectfully dissent.