BENTON, Judge,
dissenting.
I would hold that Floyd Keith Brown’s question to the officer was not hearsay and was improperly excluded by the trial judge. I would also hold that the trial judge’s error in excluding Charles Gentry’s testimony about a conversation between the complainant and Brown was not harmless. Accordingly, I dissent.
*186 I.
BROWN’S QUESTION
“Hearsay is a statement, other than one made by the declarant while testifying at trial, which is offered to prove the truth of the matter asserted.” Clark v. Commonwealth, 14 Va.App. 1068, 1070, 421 S.E.2d 28, 30 (1992). “Unless it is offered to show its truth, an out-of-court statement is not subject to the rule against hearsay and is admissible if relevant.” Church v. Commonwealth, 230 Va. 208, 212, 335 S.E.2d 823, 825 (1985); see also Hamm v. Commonwealth, 16 Va.App. 150, 156, 428 S.E.2d 517, 521 (1993) (“If a statement is offered for any purpose other than to prove the truth or falsity of the content of the statement, such as to explain the declarant’s conduct or that of the person to whom it was made, it is not objectionable as hearsay.”),
For a statement to be considered hearsay, the statement must contain an assertion of fact. “According to the very definition of hearsay, an inquiry [or question] is not an assertion and therefore does not constitute hearsay.” Bolen v. Paragon Plastics, Inc., 754 F.Supp. 221, 225 (D.Mass.1990); accord United States v. Lewis, 902 F.2d 1176, 1179 (5th Cir.1990); State v. Carter, 72 Ohio St.3d 545, 651 N.E.2d 965, 971, cert. denied, — U.S.-, 116 S.Ct. 575, 133 L.Ed.2d 498 (1995); Washington v. State, 87 Md.App. 132, 589 A.2d 493, 495 (Md.1991). Because the testimony the trial judge excluded was the police officer’s report that Brown asked a question, I would hold that the testimony was not barred by the hearsay rule.
I find nothing in Virginia decisions to support the majority’s expanded definition of hearsay. Although some jurisdictions have recognized that implied assertions may be hearsay, see, e.g., Carlton v. State, 111 Md.App. 436, 681 A.2d 1181, 1184 (1996), the Supreme Court of Virginia has not adopted that rule. In determining Virginia law, the Supreme Court of Virginia has held that “[t]he rule against hearsay prohibits ... the admission of extra-judicial statements ‘only when offered for a special purpose, namely, as assertions to evidence the *187 truth of the matter asserted.’ ” Church, 230 Va. at 211-12, 335 S.E.2d at 825 (citation omitted) (emphasis added). Thus, the Supreme Court ruled in Church that a child’s out-of-court statement “that sex is ‘dirty, nasty and it hurt’ ” was not hearsay and was admissible as circumstantial evidence “to show the child’s attitude toward sex, an attitude likely to have been created by a traumatic experience.” Id. at 212, 335 S.E.2d at 825-26. This ruling can only be interpreted as rejecting an “implied assertion” analysis because the evidential predicate for the admission of the testimony in Church was most certainly “implied” within the child’s statement.
The majority contends, however, that the Supreme Court in an earlier decision, Stevenson v. Commonwealth, 218 Va. 462, 237 S.E.2d 779 (1977), accepted the principle that implied assertions are hearsay.[2] I disagree. The rule announced in Stevenson concerns the impropriety of using “[njonverbal conduct of a person intended by him as an assertion ... [as] evidence to prove the truth of the matter asserted.” Id. at 465, 237 S.E.2d at 781. The Stevenson opinion contains no discussion of “implied assertions” and had no need to do so because the Court concluded that “nonverbal conduct of a person” is a “statement” if it is intended as an assertion. Id.
Moreover, in Stevenson, the parties did not dispute the content of the assertion. See id. at 465-66, 237 S.E.2d at 781-82. Here, however, despite Brown’s literal words, the majority designates as the “implied assertion” what it perceives Brown intended to assert, or, more precisely, what a trier of fact could possibly infer from Brown’s words. I cannot agree that the rule in Stevenson, finding an assertion in conduct consistent with that assertion, supports the majority’s new rule, which finds an “implied assertion” in a facially non-assertive question containing words with an entirely different *188 meaning.[3]
*189 Clearly, the majority opinion’s conclusion that an implied assertion contained within a non-assertive statement or question is hearsay is inconsistent with Virginia decisions. See Church, 280 Va. at 211-12, 335 S.E.2d at 825-26; Weller v. Commonwealth, 16 Va.App. 886, 894-95, 434 S.E.2d 330, 336 (1993), aff'd on reh’g en banc, 443 S.E.2d 171 (1994) (affirming order unpublished in Virginia Court of Appeals Reports); see also Ronald J. Bacigal, Implied Hearsay: Defusing the Battle Line between Pragmatism and Theory, 11 S. Ill. U. L.J. 1127, 1141-43 (noting that the Supreme Court declined to adopt an implied hearsay analysis in Church).
*190 Even under the majority’s expanded definition of hearsay, I would hold that the officer’s testimony did not constitute hearsay. According to the majority, a question may be hearsay if it contains an implied assertion of fact and is offered to prove that fact. In applying the new rule to this case, the majority states that “when [Brown] asked ‘Does [the complainant] know I am here?’, he was necessarily implying or asserting, T know [the complainant] personally.’ ” Even if I were to assume that the question contains an implied assertion of a fact, I disagree that it is the assertion the majority posits. If the question contains an implied assertion, it can be no more than an assertion that Brown was at the police station or that the complainant knew he was there. Simply put, I cannot agree that the question impliedly asserts that Brown knew the complainant.
Although the trial judge ruled that the police officer could not testify that Brown asked the question, the judge later acknowledged that “the purpose of the question is not, Does she really know I’m here?, but it’s offered for the jury to establish some knowledge of a person that [Brown] would think to ask that as a question.” I agree with the trial judge’s observation that if any implied assertion is contained in the question, the assertion is either that the complainant knew Brown was at the police station or that Brown was at the police station.
The trial judge’s comment precisely states the non-hearsay - purpose recognized in Church — circumstantial evidence of a fact not asserted in the statement. Here, the trial judge correctly acknowledged that the question was not offered to prove either that Brown was at the police station or that the complainant knew he was at the police station. Rather, it was offered for the non-hearsay purpose of showing Brown’s state of mind toward the complainant that would cause him to ask that question. The fact that the question was asked also tended to prove by circumstantial evidence Brown’s incredulity at being arrested — a state of mind likely to have arisen from his belief that his contact with the complainant was consensual. The trial judge’s comment properly addresses *191 the purpose of offering in evidence the question. Brown’s state of mind, that he was familiar with the complainant and believed the encounter was consensual, was proved by the fact that he asked the question and was central to his defense.[4]
The evidence that was offered by Brown in this case fits squarely within the principle of Church. Because the police officer’s testimony relating Brown’s question was not hearsay under Virginia decisional law, I would reverse the trial judge’s refusal to admit the testimony.
II.
GENTRYS TESTIMONY
At trial, defense counsel sought to introduce testimony that Charles Gentry “ha[d] seen [Brown] and [the complainant] together on more than one occasion ... [and that] on one occasion, he overheard a conversation between [Brown] and [the complainant] involving trading sex and cocaine.” In offering the evidence, Brown’s counsel stated that the purpose of Gentry’s testimony was to prove that Brown was well acquainted with the complainant. Brown’s defense rested upon proving that he and the complainant knew each other and had consensual sexual intercourse. While I agree with the majority that the trial judge erred in excluding Gentry’s testimony, I disagree with the conclusion that the error was harmless.
“ ‘[A] fair trial on the merits and substantial justice’ are not achieved if an error at trial has affected the verdict.” Lavinder v. Commonwealth, 12 Va.App. 1003, 1005, 407 S.E.2d 910, 911 (1991) (en banc) (quoting Code § 8.01-678). Gentry’s testimony, if believed by the jury, would have tended *192 to prove an element of Brown’s consent defense. Although the Commonwealth introduced physical evidence of disarray in the apartment and the complainant’s injuries as proof of the sexual offenses, the question of rape or consensual sex ultimately rested upon the jury’s determination of the credibility of the witnesses. It is well settled that the credibility of witnesses, the weight accorded witnesses’ testimony, and the inferences to be drawn from proven facts are matters that are within the province of the fact finder. See Barrett v. Commonwealth, 231 Va. 102, 107, 341 S.E.2d 190, 193 (1986).
If the trial judge had not barred the evidence and the jury found Gentry to be a credible witness, the jury would have had a basis upon which it could have found that the complainant lied concerning her relationship with Brown. Because the complainant and Brown agreed that sexual relations occurred but differed on whether the acts were consensual, the credibility of each “was paramount in determining the ultimate issue of guilt or innocence.” Evans-Smith v. Commonwealth, 5 Va.App. 188, 210, 361 S.E.2d 436, 448 (1987). Thus, we cannot “conclude, without usurping the jury’s fact finding function, that, had the error not occurred, the verdict would have been the same.” Barrett, 231 Va. at 107, 341 S.E.2d at 193.
Furthermore, a harmless error analysis is not merely a sufficiency of the evidence analysis. See Hooker v. Commonwealth, 14 Va.App. 454, 458, 418 S.E.2d 343, 345 (1992). The evidence in this case was disputed. Even if “the other evidence amply supports the jury’s verdicts, [error is not harmless when] the disputed testimony may well have affected the jury’s decision.” Cartera v. Commonwealth, 219 Va. 516, 519, 248 S.E.2d 784, 786 (1978). Where, as here, the trial judge excludes evidence that tends to support the defendant’s theory of the case, the harmful effect of that error cannot be determined merely by weighing the merits of the Commonwealth’s evidence. The harmful error lies in improperly denying the defendant an opportunity to put before the jury evidence to rebut the Commonwealth’s evidence.
*193 I would reverse the convictions and remand the case to the circuit court. Accordingly, I dissent.

. Similarly, a panel of this Court in White v. Commonwealth, 21 Va.App. 710, 467 S.E.2d 297 (1996), discussed infra at note 2, stated that the "conduct [at issue in Stevenson ] was an implied assertion." Id. at 718, 467 S.E.2d at 301.

. Indeed, in White v. Commonwealth, 21 Va.App. 710, 717-19, 467 S.E.2d 297, 301-02 (1996), a panel of this Court rejected a defendant’s objection that testimony concerning nonverbal conduct that contained an assertion was hearsay. See id. That decision distinguished Stevenson and tacitly applied a Church analysis. See id.
In White, a defendant was tried on various charges including malicious wounding and larceny of a police officer’s handgun. See id. at 710, 467 S.E.2d at 297. A police officer testified that the defendant shot him. See id. at 719, 467 S.E.2d at 302. After a scuffle with the defendant, the officer saw the defendant leaving with a gun. See id. The officer then discovered that his 9mm handgun was missing. See id. The Commonwealth sought to offer as evidence the police officer’s 9mm handgun and testimony of a ballistics expert. See id. at 717, 467 S.E.2d at 301. Obviously, file police officer would have been a sufficient testimonial sponsor for the admission of his gun. However, the Commonwealth sought to establish a foundation for the admission of the gun by using another witness’ testimony to prove the circumstances under which the gun was found.
The witness testified that the defendant visited her apartment the night after the shooting and asked the witness to arrange with the witness' neighbor an exchange of a 9mm gun for cocaine. See id. at 719, 467 S.E.2d at 302. The witness testified that after she went to speak to the neighbor, the defendant visited the neighbor and returned with cocaine. See id. No testimony established that the witness saw the gun. See id. Over objection, the witness was allowed to testify that at the request of the police she went to her neighbor the following morning and retrieved a 9mm handgun. See id. at 718-19, 467 S.E.2d at 301-02.
The defendant in White relied upon Stevenson for his contention that the evidence was hearsay. See id. at 717, 467 S.E.2d at 301. However, the opinion in White stated that the defendant asserted that this testimony was hearsay because it necessarily contained the neighbor's implied assertion that the gun given to the witness was the same handgun that the defendant gave to the neighbor the previous day. See id. at 717-18, 467 S.E.2d at 301. Whatever argument the defendant advanced, the opinion in White, like the majority in this case, analyzed Stevenson and stated that the "conduct [at issue in Stevenson ] was an implied assertion.” 21 Va.App. at 718, 467 S.E.2d at 301.
However, no discussion in Stevenson referred to any "implied assertion.”
The White decision held that the trial judge did not err in allowing the testimony because "[cjircumstantial evidence, other than the neighbors' act of giving the gun to [the witness], connected the defendant with the 9mm handgun” that the witness retrieved. Id. at 719, 467 S.E.2d at 302. The decision elaborated as follows:
The trier of fact did not have to rely on a nonverbal assertion by the neighbors to connect the defendant with the gun introduced at trial. Proof that [the officer’s] gun was missing after the scuffle with the defendant, that the defendant was seen leaving the scene *189 with a handgun, that the same evening the defendant arranged an exchange of a gun for drugs, and that [the officer's] gun was retrieved from the persons who purportedly exchanged drugs for the gun, are circumstances which prove that the handgun... was taken by the defendant from [the officer].
Id. (emphasis added).
The neighbor who purportedly gave cocaine to the defendant for a gun did not testify. Instead, the Commonwealth linked the gun to the defendant by using the testimony of the witness concerning the circumstances of the gun's retrieval. The issue to be established by the witness’ testimony was that the gun the neighbor gave to the witness was the same gun that the neighbor received from the defendant. Obviously, under the majority’s implied hearsay analysis, the witness’ testimony that she received "a 9mm handgun” from the neighbor contains the implied assertion by the neighbor that it was the same handgun that the defendant earlier gave to the neighbor. No evidence proved that the witness saw the handgun in the defendant’s possession or could testify from her own knowledge that it was the handgun the defendant possessed.
Although the White decision did not cite Church, clearly its discussion of "[cjircumstantial evidence” and "circumstances which prove that the handgun admitted in evidence was taken by the defendant from [the officer]” tacitly applied the Church analysis. See White, 21 Va.App. at 719, 467 S.E.2d at 302. That Church-type analysis relied on ”[p]roof that ... [the officer’s] gun was retrieved from the persons who purportedly exchanged drugs for the gun” as a chain in the circumstantial evidence tending to "prove that the handgun admitted in evidence was taken by the defendant from [the officer].” White, 21 Va.App. at 719, 467 S.E.2d at 302; cf. Church, 230 Va. at 212, 335 S.E.2d at 825-26. Although the "proof that ... [the officer's] gun was retrieved from the persons who purportedly exchanged drugs for the gun” necessarily contains the neighbor’s assertion, this Court relied on that proof as admissible circumstantial evidence linking the gun to the defendant. See White, 21 Va.App. at 719, 467 S.E.2d at 302. Thus, White implicitly rejected the majority’s implied hearsay analysis.

. Because the principle is well established that the jury is the sole judge of the weight of the evidence and the credibility of the witnesses, see Mitchell v. Commonwealth, 141 Va. 541, 558, 127 S.E. 368, 374 (1925); Brooks v. Commonwealth, 15 Va.App. 407, 414, 424 S.E.2d 566, 571 (1992), Brown was prejudicially disadvantaged when the jury was not allowed to hear the police officer testify that Brown had, indeed, asked the question.