COURT OF APPEALS OF VIRGINIA


Present: Judges Coleman, Elder and Senior Judge Cole
Argued at Salem, Virginia


DENNIS ALLEN BISHOP

                                        MEMORANDUM OPINION* BY
v.    Record No. 2923-98-2              JUDGE MARVIN F. COLE
                                          MARCH 14, 2000
COMMONWEALTH OF VIRGINIA


         FROM THE CIRCUIT COURT OF THE CITY OF CHARLOTTESVILLE
                       Jay T. Swett, Judge

            David L. Heilberg; Teresa E. McGarrity,
            Qualified Third Year Practitioner (H. Dill
            Battle, III; Neal J. Goldberg, Qualified
            Third Year Practitioner; McGuire, Woods,
            Battle & Boothe, LLP; Pro Bono Criminal
            Adjudication Project of the University of
            Virginia School of Law, on briefs), for
            appellant.

            Steven A. Witmer, Assistant Attorney General
            (Mark L. Earley, Attorney General, on brief),
            for appellee.


     Dennis Allen Bishop, appellant, appeals his conviction for

unlawfully and feloniously operating a motor vehicle on a public

highway after having been declared an habitual offender, a second

or subsequent offense in violation of Code § 46.2-357.  He

contends that the trial court committed reversible error in

admitting the hearsay testimony of a civilian, Barry McLane,

regarding Officer M.G. Davis's out-of-court identification of

---

     * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

appellant.  Because we find that Davis's out-of-court statement to McLane qualified as an exception to the hearsay rule, we affirm the trial court's decision.

The evidence established that on July 1, 1995, Officer Davis parked his marked patrol vehicle in the Holiday Deli's parking lot, just off the street, in order to monitor and disperse loiterers.  McLane had been on more than ten ride-alongs with police officers prior to July 1995.

As the crowd near the Holiday Deli dispersed, Davis noticed a Chevrolet Blazer vehicle pulling a Camaro vehicle on a trailer driving towards him.  The Blazer was being driven out of the parking lot towards the street.  As the Blazer slowly passed by Davis, he recognized appellant as the driver of the vehicle. Davis testified that he had no trouble seeing appellant; that there was plenty of light in the parking lot; and that he immediately recognized appellant.  Davis knew appellant because he had contact with him several times during his fifteen years as a police officer.  Davis saw appellant return his eye contact and appellant looked scared.  Davis knew appellant was an habitual offender.  Because of this, he was surprised to see him driving a motor vehicle.  He testified that he immediately said to McLane, "[T]hat's Dennis Bishop, he's a[n] habitual offender."

McLane testified that he only glimpsed the passing driver and was unable to identify him.  However, McLane testified that

-

when Davis saw appellant's vehicle, he suddenly stated, "[T]hat's Dennis Bishop, he's an habitual offender."

## I.  Davis's Statement

Officer Davis followed the Blazer out of the parking lot and down the street.  He checked the license plate on the trailer and noticed that it lacked the proper trailer tags.  Davis initiated a traffic stop but the Blazer did not stop.  Davis pursued it onto the interstate highway.  Eventually, the trailer spun out of control and the car that was being towed was thrown off the trailer onto the interstate.  Officer Davis stayed with the car.  The Blazer proceeded down the interstate in the wrong direction.  A short time later, other officers found the Blazer abandoned on the interstate median strip.  The driver had escaped.  The abandoned Blazer was owned by David Bishop, the appellant's father.

Appellant denied that he had been driving the Blazer on the night of July 1, 1995.  Both he and his girlfriend testified that they were together in West Virginia from June 29, 1995 to July 3, 1995.

Prior to trial, appellant filed a motion in limine, stating that a Commonwealth witness, Barry McLane, was "expected to testify as to a comment made by Officer Davis, the chief witness for the Commonwealth, while in the presence of McLane" who was a ride-a-long the evening of the offense.  Appellant requested that the trial court find this testimony inadmissible.

-

Immediately prior to trial, the trial judge heard this motion and representations of counsel, and held that this was a "spontaneous utterance" and was an exception to the hearsay rule. He overruled appellant's motion in limine and permitted McLane's testimony to be admitted in evidence.

The sole question presented by appellant in this appeal is: Did the trial judge commit reversible error in admitting the hearsay testimony of a civilian regarding a police officer's out-of-court identification of the defendant? The Commonwealth's response was that McLane's statement was admissible as an exception to the hearsay rule.

"Hearsay is an out-of-court statement offered to prove the truth of the matter asserted. A statement offered for any other purpose is not hearsay and is, therefore, governed by the other rules of admissibility." Garcia v. Commonwealth, 21 Va. App. 445, 450, 464 S.E.2d 563, 565 (1995) (en banc) (citation omitted). "'[T]he party seeking to rely upon an exception to the hearsay rule has the burden of establishing admissibility.'" Braxton v. Commonwealth, 26 Va. App. 176, 183-84, 493 S.E.2d 688, 691 (1997) (quoting Neal v. Commonwealth, 15 Va. App. 416, 420-21, 425 S.E.2d 521, 524 (1992)).

> "A statement comes within the excited
> utterance exception to the hearsay rule and
> is admissible to prove the truth of the
> matter stated, when the statement is
> spontaneous and impulsive, thus guaranteeing
> its reliability. 'There is no fixed rule by
> which the question whether the statement is

-

> admissible as an excited utterance can be decided. Resolution of the issue depends upon the circumstances of each case.'
>
> The statement must be prompted by a startling event and be made at such time and under such circumstances as to preclude the presumption that it was made as the result of deliberation. In addition, the declarant must have firsthand knowledge of the startling event. The decision whether the statement qualifies as an excited utterance lies within the discretion of the trial court."

Id. at 184, 493 S.E.2d at 691 (quoting Goins v. Commonwealth, 251 Va. 442, 460, 470 S.E.2d 114, 126 (1996) (other citations omitted)).

We hold that Davis's out-of-court statement to McLane was admissible under the excited utterance exception to the hearsay rule. The statement was spontaneous and impulsive and was prompted by the startling and unexpected event of seeing appellant, who Davis knew to be an habitual offender, driving a motor vehicle. Davis clearly had firsthand knowledge of the startling event. Davis's ample prior experience with appellant rendered Davis's statement sufficiently reliable to be admitted as an excited utterance. Contrary to appellant's contention, no evidence established that Davis's statement was the result of reflection or deliberation. Indeed, appellant made no objection to Davis's testimony at trial regarding his statement and does not question its admissibility on appeal.

-

## II.  McLane's Statement

The question presented in this appeal is limited to the admissibility of McLane's testimony that he heard Davis make the Davis statement.  McLane's entire statement at trial was, in pertinent part:

> When we pulled in, I was just kind of
> looking to the right and then I noticed a
> vehicle looked like some -- big Bronco
> pulling a trailer with a car in the back of
> it, went by -- was going by us.  And all of
> a sudden Greg [Davis] says, that's Dennis
> Bishop, he's an habitual offender.

We find that McLane's statement is admissible under the present sense impression exception to the hearsay rule.

"It is generally accepted that a statement accompanying and characterizing an act is admissible as a recognized exception to the hearsay rule.  Virginia recognizes this type of statement as the 'present sense impression' exception to the hearsay rule." Clark v. Commonwealth, 14 Va. App. 1068, 1070, 421 S.E.2d 28, 30 (1992) (citation omitted).  Moreover, admissibility is not limited to statements made by or to the person performing the act, "'other statements describing or explaining the act, even if not made by or to the person performing it, appear to be admissible under the modern view of the exception.'  '[I]t is apparently sufficient if the declaration is being uttered by someone who is witnessing the event.'"  Id. (quoting C. Friend, Law of Evidence in Virginia § 240, at 185 (3d ed. 1988 & Supp. 1991).  "'Three factors must exist in order for the present

-

sense impression exception to apply. They are: (1) the declaration must have been contemporaneous with the act; (2) it must explain the act; and (3) it must be spontaneous.'" Id. (quoting Foley v. Commonwealth, 8 Va. App. 149, 161, 379 S.E.2d 915, 922, aff'd on reh'g en banc, 9 Va. App. 175, 384 S.E.2d 813 (1989)).

McLane's statement fit all three factors and, therefore, was admissible as a present sense impression. Davis, who witnessed appellant driving the Blazer, suddenly stated that appellant was the driver and that he was an habitual offender. That declaration explained or described appellant's illegal conduct. It also identified the appellant as the driver of the vehicle. "It also was spontaneous, as it reflected [Davis's] personal perceptions at that time and was not a narrative reflection of a past event." Foley, 8 Va. App. at 164, 379 S.E.2d at 923.

"Although the cases sometimes seem to indicate that the declaration must be uttered by the very person who is performing the act described, it is apparently sufficient if the declaration is being uttered by someone who is witnessing the event." C. Friend, Law of Evidence in Virginia § 18-18, at 164 (4th ed. 1993).

The trial court did not err in admitting McLane's testimony regarding Davis's out-of-court statement as an exception to the hearsay rule. Accordingly, we affirm appellant's conviction for

-

driving after having been declared an habitual offender, a second or subsequent offense.

                                                    <u>Affirmed.</u>