COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judges Humphreys and Clements
Argued at Alexandria, Virginia


MORGAN JAMES BROOKE

                                            MEMORANDUM OPINION[*] BY
v.        Record No. 0006-03-4        CHIEF JUDGE JOHANNA L. FITZPATRICK
                                                  MARCH 9, 2004
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Jonathan C. Thacher, Judge

        Meghan A. Matulka, Senior Assistant Public Defender (Office of
        the Public Defender, on briefs), for appellant.

        Richard B. Smith, Senior Assistant Attorney General (Jerry W.
        Kilgore, Attorney General, on brief), for appellee.


        On August 29, 2002, a jury convicted Morgan James Brooke (appellant) of misdemeanor

assault by mob pursuant to Code § 18.2-42.  On appeal, appellant contends that the trial court

erred in admitting hearsay evidence of appellant's license plate number.[1]  We affirm the

judgment of the trial court, and hold that the evidence was properly admitted as a present sense

impression.

---

        [*]  Pursuant to Code § 17.1-413, this opinion is not designated for publication.

        [1]  Appellant's argument that the trial court violated his rights under the Virginia and
United States Constitutions in admitting the evidence is procedurally barred because appellant
failed to raise this ground at trial.  Rule 5A:18 provides that a ruling may not be appealed unless
an objection and its grounds were stated together at the time of the ruling, except for good cause
or to enable the Court of Appeals to attain the ends of justice.  Because appellant did not
preserve the constitutional argument, we need only address the admissibility of the hearsay
evidence.

## I.  BACKGROUND

Under familiar principles of appellate review, we examine the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom.  See Juares v. Commonwealth, 26 Va. App. 154, 156, 493 S.E.2d 677, 678 (1997).

So viewed, the evidence establishes that on September 19, 2001, Kwi Young Kim (Kim) and Art Coles (Coles) got into a fight in the parking lot of Westfields High School.  Appellant was among the witnesses to the fight.  After the altercation, appellant tried to help the injured Coles before paramedics took him to the hospital for treatment.  While receiving treatment at the hospital, Coles contacted appellant on his cell phone.

After the fight, Kim returned to his home and played basketball a few blocks away with some friends.  When he was preparing to return home, a young girl (Rachel) walked up and told Kim that Coles was coming.  A group of five young men, four of whom were students at Westfields High School, approached Kim.  Kim, John Runion (Runion), and Robert Bohannon (Bohannon) identified the students as appellant, Norris Riley (Riley), Gershom Humbert (Humbert), and Dain Rose (Rose).  Kim knew appellant because they attended classes together at school.  Each of the witnesses testified that they were certain that they correctly identified the four young men.

Humbert approached Kim and struck him in the face two or three times.  Kim was forced to the ground, and the group hit and kicked him as he attempted to protect his face with his arms.  Runion testified that appellant, Riley, Humbert, and Rose all kicked and hit Kim.

Elizabeth Langguth (Langguth), the general manager of Meadows of Chantilly where the fight occurred, testified that Rachel and two boys ran into her office and screamed that they needed help because "somebody was trying to kill" Kim.  "They were very upset.  They were . . . near to the point of hysterical because they were afraid."  The beating ceased when Langguth

came out of her office.  The group got into a 1999 black Honda Accord and fled the scene.  Kim testified that he knew the car belonged to appellant because he had seen it in the high school parking lot.  Langguth returned to the office to report the incident to the police.  Langguth testified, over appellant's objection that during the call, Rachel ran into her office and "started giving a description and she just volunteered to [Langguth] the fact that she had the license plate number."  The license plate number was described as YNX8879, and was listed on a Fairfax County Parking Permit Application appellant had filed with Westfields High School during the year of the incident.  Appellant testified that YNX8879 was his car's license plate number.

## II.  HEARSAY EXCEPTION

Appellant contends that the trial court erred in admitting Langguth's testimony of Rachel's statement identifying appellant's license plate number because it was inadmissible hearsay.  "The admissibility of evidence is within the broad discretion of the trial court, and a ruling will not be disturbed on appeal in the absence of an abuse of discretion."  Blain v. Commonwealth, 7 Va. App. 10, 16, 371 S.E.2d 838, 842 (1988).  "By definition, when the trial court makes an error of law, an abuse of discretion occurs."  Bass v. Commonwealth, 31 Va. App. 373, 382, 523 S.E.2d 534, 539 (2000).  Hearsay is "an out-of-court statement offered to prove the truth of the matter asserted."  Garcia v. Commonwealth, 21 Va. App. 445, 450, 464 S.E.2d 563, 565 (1995) (*en banc*).  In order to be admissible, hearsay must "come within one of the many established exceptions to the general prohibition against admitting hearsay."  Hanson v. Commonwealth, 14 Va. App. 173, 187, 416 S.E.2d. 14, 22 (1992).  "'[T]he party seeking to rely upon an exception to the hearsay rule has the burden of establishing admissibility.'"  Braxton v. Commonwealth, 26 Va. App. 176, 183-84, 493 S.E.2d 688, 691 (1997) (quoting Neal v. Commonwealth, 15 Va. App. 416, 420-21, 425 S.E.2d 521, 524 (1992)).

The trial court admitted the evidence of appellant's plate number as meeting the present sense impression exception to the hearsay rule. "It is generally accepted that a statement accompanying and characterizing an act is admissible as a recognized exception to the hearsay rule. Virginia recognizes this type of statement as the 'present sense impression' exception to the hearsay rule." Clark v. Commonwealth, 14 Va. App. 1068, 1070, 421 S.E.2d 28, 29 (1992).

We hold that Rachel's statement detailing the car's license plate number to Langguth was properly admitted as a present sense impression exception to the hearsay rule.[2] Even though a short period of time elapsed between the end of the altercation and the recitation of the plate number, the statement was sufficiently contemporaneous with the act in question (the assault and flight of the assailants) to assure that Rachel's knowledge of the license plate number did not result from deliberation or premeditation. No evidence suggests that Rachel's knowledge of the license plate number was evoked by anything other than seeing appellant's car leave the scene of the assault. The statement also explained the act in question. The identification of the assailant's automobile immediately relates to, elucidates, and characterizes the assault and departure of the assailants. Finally, the statement was spontaneous. No evidence suggests that Rachel had the opportunity to fabricate appellant's license number, or that she remembered the number from some other event, or knew that the assault would take place and appellant's car would be there. See id. At trial, appellant admitted that the license plate number matched his automobile. We cannot say the trial court abused its discretion in admitting the statement.

Accordingly, we affirm the judgment of the trial court.

Affirmed.

---

[2] The Commonwealth also raises the "excited utterance" exception to the hearsay rule as an additional rationale for the statement's admissibility. We need not address its applicability because we hold that the trial court properly admitted the statement as a "present sense impression."